UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD D. CASITY, | No. 2:24-cv-1097 CSK P |
| Plaintiff, | |
| v. | ORDER |
| HIGH DESERT STATE PRISON, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

////

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
3    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7    Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
8    2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
9    meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
10   1227.
11       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
12   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
13   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
14   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
15   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
16   formulaic recitation of the elements of a cause of action;" it must contain factual allegations
17   sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.
18   However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
19   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.
20   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
21   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
22   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
23   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
24   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).
25   Plaintiff's Allegations
26       Plaintiff is confined to a wheelchair.  (ECF No. 1 at 4.)  Plaintiff alleges that in April
27   2023, he arrived at High Desert State Prison where there has not been a working toilet on B yard
28   for a year.  He claims that more than half of the inmates on B yard are in wheelchairs, using

1   walkers, or suffering some other form of disability, and inmates are unable to get back in their
2   building to use the toilet because they are locked out while on the yard.  Plaintiff submitted
3   multiple requests for health care services, reasonable accommodation requests, and grievances,
4   asking to have the toilet fixed, but no action was taken.  (ECF No. 1 at 3, 4.)  On his complaint
5   form, plaintiff checked the "medical care" box and claims no adequate medical care, alleges
6   discrimination, and states no ADA assistance was granted.  (Id.)  Plaintiff names High Desert
7   State Prison and B. Wheeler, ADA Coordinator, as defendants.  Plaintiff seeks money damages
8   and wants the B yard toilet fixed.

9   Discussion

10        The court reviewed plaintiff's complaint and, for the limited purposes of § 1915A
11  screening, finds that it states a potentially cognizable claim against defendant B. Wheeler, ADA
12  Coordinator, based on plaintiff's Eighth Amendment conditions of confinement claim concerning
13  the lack of a working toilet on B yard from April 2023 until April 2024.  See 28 U.S.C. § 1915A.
14       For the reasons stated below, the court finds that the complaint does not state a cognizable
15  claim against defendant High Desert State Prison, and also does not state cognizable ADA or
16  medical claims.  Such claims are dismissed with leave to amend.

17             Defendant High Desert State Prison
18        Plaintiff named High Desert State Prison as a defendant.  The Eleventh Amendment
19  serves as a jurisdictional bar to suits brought by private parties against a state or state agency
20  unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979);
21  Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-
22  50 (9th Cir. 1982).  In the instant case, the State of California has not consented to suit.
23  Accordingly, plaintiff's Eighth Amendment claims against High Desert State Prison are legally
24  frivolous and should not be included in any amended complaint.

25             Plaintiff's ADA Claim
26        Plaintiff also brings a discrimination claim under the "ADA," Title II of the Americans
27  with Disabilities Act, 42 U.S.C. § 12131, et seq.  (ECF No. 1 at 1.)  The ADA prohibits
28  discrimination on the basis of a disability in the programs, services, or activities of a public entity.

3

The elements of a cause of action under Title II of the ADA are: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). To recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant under a deliberate indifference standard. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Id. at 1139. An entity's failure to act "must be a result of conduct that is more than negligent, and involves an element of deliberateness." Id.

Here, plaintiff fails to allege facts demonstrating that defendant High Desert State Prison discriminated against him or treated him differently because of his disability. See Duvall, 260 F.3d at 1138 (Title II of the ADA requires intentional discrimination); Brown v. Castillo, 2007 WL 3054165, at *16 (E.D. Cal. Oct. 19, 2007) ("plaintiff has not alleged that he was excluded from or denied a prison program based on his disability."). Plaintiff alleges that more than half of the inmate population housed on B yard suffer from some form of disability. However, plaintiff does not allege that such inmates were housed on B yard because of such disability, or that prison officials refused to fix the toilet because of their disabilities. In addition, there were other, nondisabled inmates housed on B yard, which means that all inmates housed on B yard, both disabled and nondisabled, were denied a working toilet.

Thus, it appears that plaintiff's factual allegations are more appropriately construed as an Eighth Amendment conditions of confinement claim rather than a discrimination claim.[1] Based

---

[1] The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer, 511 U.S. at 832. The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement

on plaintiff's current allegations, it is unclear whether plaintiff can provide sufficient facts to demonstrate a violation of the ADA, but his ADA claim is dismissed with leave to amend.[2]

Potential Medical Claim

As discussed above, plaintiff's factual allegations fall squarely within Eighth Amendment conditions of confinement claims. Indeed, plaintiff includes no specific facts concerning medical care. In an abundance of caution, plaintiff is provided the standards that govern medical claims.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle, 429 U.S. at 104). Deliberate indifference may be shown by the denial, delay, or intentional interference with medical treatment or by the way in which medical care is provided. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). The two-part test for deliberate indifference requires plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate

---

may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

[2] If plaintiff chooses to amend to attempt to state a claim under the ADA, he is advised that he "cannot bring an action under 42 U.S.C. § 1983 against a State official in her [or his] individual capacity to vindicate rights created by Title II of the ADA," and thus there would be no individual liability for plaintiff's ADA claims against defendant Wheeler in this case. Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002). Instead, "the proper defendant for a claim under Title II of the ADA is the public entity responsible for the alleged discrimination." Pauley v. California, 2018 WL 5920780, at *2 (E.D. Cal. Nov. 13, 2018).

health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff's Options

Plaintiff may proceed forthwith to serve defendant Wheeler and pursue his Eighth Amendment conditions of confinement claim against only defendant Wheeler, or plaintiff may delay serving any defendant and attempt to state other cognizable claims. If plaintiff elects to proceed forthwith against defendant Wheeler, against whom he stated a potentially cognizable Eighth Amendment claim for relief, then within thirty days plaintiff must so elect on the appended form. In this event, the court will construe plaintiff's election as consent to dismissal of the noncognizable claims and defendant High Desert State Prison without prejudice. Under this option, plaintiff does not need to file an amended complaint.

Or, plaintiff may delay serving any defendant and attempt to state other cognizable claims. If plaintiff elects to attempt to amend his complaint to state other cognizable claims, he has thirty days to do so. Plaintiff is not granted leave to add new claims or new defendants.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 566 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded. Plaintiff is not granted leave to add new claims or new defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is granted.

2. The allegations in the complaint are sufficient at least to state potentially cognizable Eighth Amendment conditions of confinement claims against defendant B. Wheeler. See 28 U.S.C. § 1915A. If plaintiff chooses to proceed solely as to such claims, plaintiff shall so indicate on the attached form and return it to the court within thirty days from the date of this order. In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective claims without prejudice.

3. Plaintiff's Eighth Amendment conditions of confinement claim against defendant High Desert State Prison is dismissed without leave to amend, and plaintiff's other potential medical, discrimination and ADA claims are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to rectify the identified deficiencies. Plaintiff is not obliged to amend his complaint.

4. Failure to comply with this order will result in a recommendation that this action proceed solely on plaintiff's Eighth Amendment condition of confinement claim against

1  defendant B. Wheeler.

2  Dated: June 24, 2024

3  _____
   CHI SOO KIM
4  UNITED STATES MAGISTRATE JUDGE

6  /1/casi1097.14o.csk

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD D. CASITY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HIGH DESERT STATE PRISON, et al.,<br><br>　　　　　Defendants. | No.  2:24-cv-1097 CSK P<br><br><br>NOTICE OF ELECTION |

　　　　Plaintiff elects to proceed as follows:

　　_____　　Plaintiff opts to proceed with his Eighth Amendment conditions of confinement claim against defendant B. Wheeler.  Under this option, plaintiff consents to dismissal of defendant High Desert State Prison, as well as his ADA and potential medical claims without prejudice.

　　**OR**

　　\_\_\_\_\_　　Plaintiff opts to file an amended complaint and delay service of process.

DATED:

　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Plaintiff

1